```
                     UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA    )
                            )
       v.                   )    Case No. 2:24-cr-00138-wks-1
                            )
JOSHUA JERGER,              )
     Defendant.             )
```

## OPINION AND ORDER

Defendant Joshua Jerger has filed a motion to dismiss the indictment against him. He is charged with violating 18 U.S.C. § 922(g)(1) which generally prohibits an individual who has previously been convicted of a felony from possessing a firearm. Defendant argues that the statute is facially unconstitutional following the Supreme Court's decision in *New York State Rifle and Pistol Assn v. Bruen*, 597 U.S. 1 (2022). For the reasons set forth below, Defendant's motion is denied.

## Discussion

On December 15, 2024, Hinesburg Police Department officers encountered Defendant allegedly in possession of two firearms. ECF No. 1-1. Defendant was charged with unlawful possession of the firearms under 18 U.S.C. § 922(g)(1). ECF No. 8. Defendant had previously been convicted of the same offense in 2011 in this Court, following an earlier state felony conviction. ECF No. 21 at 1. In this motion, Defendant does not contest any of the facts surrounding the allegations against him.

As relevant for Defendant, 18 U.S.C. § 922(g)(1) states that "it shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition[.]" Defendant does not argue here that any of the terms of this statute do not apply to him. Instead, his argument is that "[t]he federal felon-in-possession law is unconstitutional because it violates the Second Amendment." ECF No. 20 at 2. Thus his argument is properly considered as a facial challenge to § 922(g)(1).

On May 21, 2025, Defendant filed the instant motion to dismiss. *Id.* Defendant's argument was premised on a purported development in the law surrounding the constitutionality of § 922(g)(1) following the 2022 Supreme Court decision in *Bruen*. Specifically, Defendant argued that the relevant Second Circuit precedent, *United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013) (per curiam), which had upheld the constitutionality of § 922(g)(1), was no longer valid. ECF No. 20 at 2 ("*Bogle* does not survive *Bruen*, and this Court should recognize its inevitable overruling."). Defendant further argued that the government's position in similar cases relied on a flawed premise "that convicted felons are not part of 'the people' protected by the Second Amendment, and that this should end the inquiry into the constitutionality of challenges to § 922(g)(1) convictions." ECF

2

No. 20 at 4. Defendant concluded that a "[f]aithful application of *Bruen* can only reach one conclusion - 922(g)(1)'s ban on felons possessing firearms is unconstitutional." *Id.* at 7.

On June 18, 2025, the government filed its response to Defendant's motion. The government noted that on June 9, 2025 (after Defendant filed his motion), the Second Circuit had issued an opinion reaffirming that *Bogle*, and thus § 922(g)(1), remained applicable in cases like this one. *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025). Defendant did not submit a reply brief.

The *Zherka* court directly addressed the questions raised by Defendant's motion:

> Prior to the Supreme Court's decision in *Bruen*, we had upheld Section 922(g)(1) as facially constitutional. In *Bogle*, we rejected a facial challenge to Section 922(g)(1), relying on the assurances in *Heller* and *McDonald* that longstanding prohibitions on the possession of firearms by felons are presumptively constitutional. Contrary to the government's assertion here, we did not conclude that felons as a class are not among the law-abiding citizens protected by the Second Amendment. We simply held that Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons.
>
> Our holding in *Bogle* survives *Bruen*. To mount a successful facial challenge to Section 922(g)(1), a litigant must establish that no set of circumstances exists under which the law would be valid, or show that the law lacks a plainly legitimate sweep. As we determined in *Bogle*, that cannot be done.

*Zherka v. Bondi*, 140 F.4th at 74-75 (internal citations and quotation marks omitted). The *Zherka* court concluded that

3

"*Bogle*'s rejection of a facial challenge to the statute remains good law in this Circuit." *Id.* at 75.

This Court is bound by Second Circuit precedent. The facial challenge to § 922(g)(1) brought by Defendant requires analysis that is indistinguishable from the analysis of the *Zherka* and *Bogle* courts. And Defendant has not submitted a post-*Zherka* brief explaining how or why a facial challenge remains viable in this circuit or clarifying that his challenge should be considered as-applied to his case. Therefore, the Court must reject Defendant's challenge here and deny his motion.

## Conclusion

For the reasons above, the Defendant's motion to dismiss the indictment, ECF No. 20, is denied.

DATED at Burlington, in the District of Vermont, this 21st day of August, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge